## Long v. Wheeler et al.

Feb. 15, 1946.

M. F. Patrick and D. G. Sublett for appellant.

T. J. Arnett for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This litigation is over a small tract of land about 4 feet wide and 171 feet long. The appellant and the appellees lived in close proximity as neighbors for about 35 years prior to this action. Their disagreement resulted from the resetting of a line fence about 4 feet over from what appellant claims to have been the original dividing line, thereby encroaching that distance upon appellant's property.

The appellant brought this action in the court below setting up title to this strip of land from Hoston Conley, and his wife, Mollie Conley, by deed bearing date the 10th day of April, 1908. The Conleys source of title was from the appellees herein by deed bearing date the 28th day of January, 1908. He sets out in his petition that the defendants, appellees herein, are setting up claim to the above strip of land, and asks the court that his title to the land be quieted.

Appellees denied appellant's title by virtue of deed, and for counterclaim stated that they were the owners by reason of legal title thereto, and were in actual possession of the described strip of land.

It appears from the record that Ash Branch, which empties into Literals Fork Creek, runs approximately parallel with the dividing line between the properties of the litigants herein.

That portion of the description pertinent to the litigation herein reads as follows: "* * * nearly a North Course to a Beech tree, thence across the branch to the fence; thence with the fence to the mouth of Big Ash Branch, to main Literals Fork, * * *"

It appears from the record that Ash Branch is approximately 10 feet south of what appellant claims to be the old fence marking the dividing line, and that south of Ash Branch is a roadway running parallel with Ash Branch. The appellant claims the land to the old fence situated about 10 feet from Ash Branch. Under the proof it appears that the appellees claim the land over which Ash Branch runs and also the roadway.

The appellees apparently have made no effort to introduce record title to that "portion of land claimed by them, and their entire record seems to be devoted to a claim that Ash Branch had changed its course and that they had been in possession and had cultivated the land, even where the roadway was, some 10 or 15 feet south of Ash Branch.

The appellant, in his proof, definitely established the beech tree called for in the description above. The appellee, Charles Wheeler, himself, testified that the beech tree was on the south side of Ash Branch and that there was an old fence across the branch as far back as 1893, when the appellees purchased this tract of land.

The appellee, Charles Wheeler, admitted that the description of his property called for the fence. He testified that in 1928 he erected a wire fence on the site, or line, of the old fence. He and his wife executed the deed to the appellant's grantor, in which was incorporated the above description, "to a Beech tree, thence across the branch to the fence; thence with the fence to the mouth of Big Ash Branch, to main Literals Fork, * * *"

The appellant showed title by the deed from his grantor, and his grantor from the appellees herein. He proved by numerous witnesses, among whom was a school teacher of reputation and standing, that for 35

or 40 years to their positive knowledge this dividing line fence had been there.

The testimony of the appellees, consisting of the appellees and two brothers of the appellee, Mahala Wheeler, was all that was introduced for the defendants, or appellees. That evidence is unconvincing. It is impossible to ascertain whether the court adjudged the appellees the owner of this strip of land because of superior title, or from adverse possession, or for some other reason. In the face of this record, wherein the proof clearly establishes, and the appellees admit, the existence of an old fence, replaced in 1928 by the appellees, and that just prior to this action, was moved by appellees approximately 4 feet over to the south, with no attempt to show that the description in the deed which they had given to the appellant's grantor was to some other fence, or that the description in their deed was to some other line or fence, we see no factual basis for the finding of the chancellor.

We are, therefore, constrained to believe that the plaintiff below established title to the land in question and that the court below should have so found. This conclusion is so obviously and manifestly compelling that we deem it entirely unnecessary to cite authorities in support thereof.

Wherefore, the judgment is reversed with directions to enter judgment in accordance herewith.